IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

Elijah James Gaddy,   #17859-058,       )
                                        )  Civil Action No. 3:07-3595-SB-JRM
                 Petitioner,            )
                                        )
        vs.                             )
                                        )
                                        )
United States of America; and          )  **REPORT AND RECOMMENDATION**
John J. LaManna, Warden at FCI Edgefield, )
                                        )
                 Respondents.           )
                                        )

        Petitioner, Elijah James Gaddy ("Gaddy"), is an inmate at FCI-Edgefield. He filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 1, 2007.  The case was

automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e).

Respondents filed a motion to dismiss, or in the alternative for summary judgment, on January 25,

2008.  Because Gaddy is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975) was issued on January 31, 2008, explaining his responsibility to respond to the respondents'

motion.  Gaddy filed his response on March 26, 2008.

        Gaddy was prosecuted in the Western District of North Carolina.  An order issued by the

Honorable Graham C. Mullen, Senior United States District Judge, on May 25, 2006, outlines

Gaddy's prosecution and effort to seek collateral relief in that district.

        On June 25, 2003, Defendant was indicted for violating 21 U.S.C. §§ 841 and
        846 and 18 U.S.C. § 924(c). September 16, 2003, Defendant entered a "straight up"
        guilty plea at his Rule 11 hearing. On April 28, 2003, this Court sentenced Defendant
        to 248 months imprisonment with a consecutive 60 month sentence for his § 924(c)
        conviction. On October 20, 2004, Defendant filed a notice of appeal which the
        United States Court of Appeals for the Fourth Circuit ruled was untimely.

        On April 28, 2005, Defendant filed a Motion to Vacate with this Court
        alleging that he had received ineffective assistance of counsel because his counsel

had failed to honor his request to file a direct appeal. On May 3, 2005, this Court granted Defendant's Motion to Vacate and reentered his criminal judgment so as to permit him to file a timely direct appeal. Accordingly, on May 12, 2005, Defendant filed a Notice of Appeal. However, on May 24, 2005, the Court entered an Order granting the Government's Motion to Reconsider; vacating it's May 3, 2005, Order; and denying Defendant's Motion to Vacate. Defendant then filed another Motion to Vacate which was denied because Defendant still had an appeal pending in the Fourth Circuit. Defendant's appeal was ultimately dismissed for lack of prosecution.

Defendant has filed the present motion seeking to have the Court reopen his criminal case and resentence him based upon the Government's alleged breach of an oral agreement to file a Rule 35 motion. Defendant also argues that § 3582 provides this Court with the authority to resentence him using cocaine rather than cocaine base sentencing guidelines.

United States v. Gaddy, 2006 WL 4449579, *1 (W.D.N.C. 2006).  Judge Mullen denied Gaddy's

motion to reopen his case and modify his sentence.

Gaddy then filed his petition in this court.  He asserts that he is entitled to a writ of habeas

corpus pursuant to § 2241 on the following grounds:

> Count One of the Federal Indictment must Be Vacated as a Void Judgment Because it Was Filed One Year and Six Months Passed the Five-Year Jurisdiction Statute of Limitations Pursuant to 18 U.S.C. § 3282, F.R.Cm.P. (2003, ed.).

> Petitioner's Conviction And Sentence For Knowingly Use and Carry A Firearm In Furtherence (sic) of A Drug Trafficking Crime, Pursuant to 18 U.S.C. § 924(c)(1), Must Be Vacated In Light of Bailey v. U.S., 516 U.S. 137, 116 S.Ct. 501 (1995) and Muscarello v. U.S., 524 U.S. 125 (1998).

> Petitioner's guilty Plea Was Accepted In Complete Violation of Rule 11, A Prerequisite Jurisdictional Procedural Process Imposed Upon A Federal District Court Judge As Mandated By McCarthy v. U.S., 394 U.S. 459 (1969).

> Petitioner Is Actual And Factual Innocent of "Use and Carry" A Firearm As Charged In Count Eight of The Indictment.

**Discussion**

Prior to the enactment of 28 U.S.C. § 2255, the only avenue a federal prisoner could take to collaterally attack his conviction was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).  In 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners.  Generally, motions brought under § 2255 attack the validity of a conviction or sentence, while petitions under § 2241 attack the execution of a sentence.  See In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) (en banc).  A federal prisoner may also bring a § 2241 petition when a § 2255 motion is "inadequate or ineffective" to test the legality of his detention.  See 28 U.S.C. § 2255(e).  To demonstrate that § 2255 is inadequate or ineffective to test the legality of a conviction, the prisoner is required to show:

(1)     at the time of conviction, settled law of this circuit or the Supreme Court established the validity of the conviction;

(2)     subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3)     the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re: Jones, 266 F.3d 328, 333-34 (4th Cir. 2000).

There is very little of the record from the Western District of North Carolina before this court.[1]  However review of the petition shows that Gaddy's attempt to collaterally attack his

_____

[1]Gaddy has attached a copy of his indictment and judgment to his petition.  Also attached is a "Judicial Notice Motion" that discusses general habeas principles.

convictions must be dismissed.  His claims of a violation of the five-year statute of limitations provided in 18 U.S.C. § 3282 as to Count 1 of the indictment charging a conspiracy to possess with intent to distribute cocaine and cocaine base (Ground 1) and violation of Rule 11, Fed. R. Crim. P. in the acceptance of his guilty plea (Ground 2) could obviously been raised on direct appeal or in his § 2255 motion.  "(T)he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, ...or because an individual is procedurally barred from filing a § 2255 motion."  Vial, 115 F.3d at 1194, n.5.  At this point, Gaddy is barred from filing a second § 2255 motion absent approval by the Fourth Circuit Court of Appeals.  See 28 U.S.C. §§ 2244 and 2255.  Nonetheless, his situation does not render § 2255 inadequate of ineffective under the precedent cited above.

The same is true with respect to Gaddy's second and fourth grounds, but additional analysis is required.  Gaddy seeks to benefit from the holding of Bailey v. United States, 516 U.S. 137 (1995) with respect to his conviction under 18 U.S.C. § 924(c).  The Bailey court defined the work "use" in the statute to require proof that the defendant actively employed the firearm in connection with the drug offense.   The Supreme Court's holding resulted in a number of prisoners who no longer had the option of direct appeal or a § 2255 motion to challenge their convictions under § 924(c). The Fourth Circuit joined other courts in providing a remedy to those prisoners under § 2241 in limited circumstances.  However, the Jones decision strictly limited this avenue of release to the criteria quoted above.

 Gaddy does not meet these criteria.  Bailey was decided in 1995.  Jones pled guilty approximately eight years later.  The law of the Supreme Court was settled well before the time of Gaddy's guilty plea and there was no intervening change.  Therefore, under the Jones decision,

Gaddy cannot show that § 2255 is ineffective to test the legality of his conviction.  This being the case, § 2241 is not available to Gaddy to challenge his § 924(c) conviction.

## <u>Conclusion</u>

Based on a review of the record and the relevant precedent, it is recommended that respondents' motion to dismiss be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

July 14, 208

Columbia, South Carolina


**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).