IN THE UNITED STATES DISTRICT COURT  RECEIVED
FOR THE DISTRICT OF SOUTH CAROLINA USDC, CLERK, CHARLESTON, S

| | |
|---|---|
| Elijah James Gaddy, #17859-058, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>United States of America; and )<br>John J. LaManna, Warden )<br>at FCI Edgefield, )<br>)<br>Respondents. )<br>_____ ) | 2008 SEP 19 P 1:48<br><br>Civil Action No. 3:07-3595-SB<br><br>**ORDER** |

This matter is before the Court upon Petitioner Elijah James Gaddy's ("Petitioner" or "Gaddy") pro se petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Court referred the matter to United States Magistrate Judge Robert S. Carr for initial review.

## BACKGROUND

Gaddy was prosecuted in the Western District of North Carolina but is an inmate at the Federal Correctional Institution in Edgefield, South Carolina. An order issued on May 25, 2006, by the Honorable Graham C. Mullen, Senior United States District Judge, outlines Gaddy's prosecution and efforts to seek collateral relief as follows:



> On June 25, 2003, Defendant was indicted for violating 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 924(c). [On] September 16, 2003, Defendant entered a "straight up" guilty plea at his Rule 11 hearing. On April 28, 2003, this Court sentenced Defendant to 248 months imprisonment with a consecutive 60 month sentence for his § 924(c) conviction. On October 20, 2004, Defendant filed a notice of appeal which the United States Court of Appeals for the Fourth Circuit ruled was untimely.
>
> On April 28, 2005, Defendant filed a Motion to Vacate with this Court alleging that he had received ineffective assistance of counsel because his counsel had failed to honor his request to file a direct appeal. On May 3, 2005, this Court granted Defendant's Motion to Vacate and reentered his criminal

> judgment so as to permit him to file a timely direct appeal. Accordingly, on May 12, 2005, Defendant filed a Notice of Appeal. However, on May 24, 2005, the Court entered an Order granting the Government's Motion to Reconsider; vacating it's May 3, 2005, Order; and denying Defendant's Motion to Vacate. Defendant then filed another Motion to Vacate which was denied because Defendant still had an appeal pending in the Fourth Circuit. Defendant's appeal was ultimately dismissed for lack of prosecution.
>
> Defendant has filed the present motion seeking to have the Court reopen his criminal case and resentence him based upon the Government's alleged breach of an oral agreement to file a Rule 35 motion. Defendant also argues that § 3582 provides this Court with the authority to resentence him using cocaine rather than cocaine base sentencing guidelines.

United States v. Gaddy, 2006 WL 4449579, *1 (W.D.N.C. May 25, 2006). Judge Mullen denied Gaddy's motion to reopen his case and modify his sentence.

Subsequently, on November 1, 2007, Gaddy filed the present petition, wherein he asserts that he is entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the following grounds, taken verbatim from his petition:

| | |
|---|---|
| Ground One: | Count One of The Federal Indictment Must Be Vacated As A Void Judgment, Because It Was Filed One Year And Six Months Passed [sic] The Five-Year Jurisdictional Statute of Limitation[s] Pursuant To 18 U.S.C. § 3282, F. R. Cm. P. (2003, ed.). |
| Ground Two: | Petitioner's Conviction And Sentence For Knowingly Use and Carry [sic] A Firearm In Furtherance of A Drug Trafficking Crime, Pursuant To 18 U.S.C. § 924(c)(1) Must Be Vacated In Light of Bailey v. U.S., 516 U.S. 137, 116 S. Ct. 501 (1995) and Muscarello v. U.S., 524 U.S. 125 (1998). |
| Ground Three: | Petitioner's Guilty Plea Was Accepted In Complete Violation of Rule 11, A Prerequisite Jurisdictional Procedural Process Imposed Upon A Federal District Judge As Mandated by McCarthy v. U.S., 394 U.S. 459 (1969). |
| Ground Four: | Petitioner Is Actual and Factual [sic] Innocent of "Use and Carry" A Firearm As Charged In Count Eight of The |

2

Indictment.

(§ 2241 Petition at 9, 14, 17, 22.)

On January 25, 2008, the Respondents filed a motion to dismiss, or in the alternative, for summary judgment, asserting that the Court is without jurisdiction to entertain Gaddy's petition.

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id. After a review of the entire record, the R&R, and the objections to the R&R, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court affirms the R&R.

## DISCUSSION

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255. It is settled in this circuit, however, that § 2255 is not inadequate or ineffective merely because a prior § 2255 motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Instead, pursuant to Jones, § 2255 is inadequate or

ineffective to test the legality of detention when the following three prongs are met:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34. The Petitioner bears the burden of proving that he has met the Jones test. In the R&R, the Magistrate Judge determined that Gaddy failed to do so, and therefore, the Magistrate Judge recommended that the Court grant the Respondents' motion to dismiss.

In his largely non-specific[1] objections to the R&R, Gaddy asserts that "§ 2241 is the appropriate statutory vehicle [with] which to attack his illegal incarceration." (Obj. at 2.) Unfortunately for Gaddy, the Court does not agree with him; rather, the Court finds that Gaddy's objections fail for the simple reason that he has failed to demonstrate that he may proceed pursuant to 28 U.S.C. § 2241.

First, with respect to grounds one and three of Gaddy's petition--alleging that his indictment was void because it was filed in violation of the statute of limitations and that his guilty plea was accepted in violation of Rule 11, respectively--the Court agrees with the Magistrate Judge that Gaddy could have raised these grounds on direct appeal or in his previous § 2255 motion. Merely because Gaddy is now precluded from raising these claims in a second § 2255 motion without approval from the Fourth Circuit Court of

---

[1] For instance, Gaddy objects to the Magistrate Judge's "erroneous findings" but does not specify which findings. (Obj. at 1.) Additionally, Gaddy merely rehashes his arguments, asserting that he "incorporates his claims and arguments as set forth in his memorandum of law in support of his § 2241 and his reply in opposition to the Respondent's motion to dismiss, as though they are fully set forth herein . . ." (Obj. at 8.)

4

Appeals does not render the remedy afforded by § 2255 inadequate or ineffective. See Vial, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion.") (internal citations omitted).

Likewise, with respect to grounds two and four of Gaddy's petition, both seeking relief in light of the Supreme Court's holding in Bailey v. United States, 516 U.S. 137 (1995), the Court finds that Gaddy is not entitled to proceed pursuant to § 2241.

In Bailey, the Supreme Court defined the term "use" in the context of 18 U.S.C. § 924(c)(1) to require "active employment" of a firearm by a person who commits a drug offense. 516 U.S. at 144. Following Bailey, a number of courts addressed the issue of whether § 2255 was inadequate or ineffective to test the legality of the detention of an individual who was convicted under an improper definition of the "use" prong of § 924(c)(1). In these cases, the courts uniformly determined that § 2255 may be inadequate or ineffective in certain circumstances. See Jones, 226 F.3d at 333. Indeed, in Jones, the Fourth Circuit agreed with these courts and set forth the three-prong test for determining when § 2255 is inadequate and ineffective to test the legality of a conviction. As previously set forth, pursuant to Jones, § 2255 is inadequate and ineffective when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

In the present case, Gaddy fails to meet the Jones test because Bailey was decided in 1995, and Gaddy pleaded guilty in 2003, appealed his conviction in 2005, and filed his § 2255 motions in 2005. Therefore, the law of the Supreme Court was well-established at the time of his conviction and prior to his direct appeal and first § 2255 motion. Thus, Gaddy has failed to show that § 2255 is inadequate or ineffective to test the legality of his detention. As such, the Court agrees with the Magistrate Judge and finds that the Petitioner is unable to proceed pursuant to 28 U.S.C. § 2241.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is affirmed; the Petitioner's objections are denied; the Respondents' motion to dismiss is granted; and the Petitioner's § 2241 petition is dismissed without prejudice.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

September 18, 2008
Charleston, South Carolina